IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,848-02






EX PARTE JOSEPH PERNELL RUTH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 914967
IN THE 208TH DISTRICT COURT FROM HARRIS COUNTY 




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
murder and was sentenced to 99 years' imprisonment. 

 In his writ application, Applicant raises numerous claims of ineffective assistance of
trial counsel and a claim of ineffective assistance of appellate counsel. He has alleged facts
that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex
parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances,
additional facts are needed.

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. The trial court shall order Applicant's
trial counsel to respond to Applicant's claims of ineffective assistance of counsel by filing
an affidavit with the trial court. In addition to obtaining this affidavit, the trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the issues. In the
appropriate case, the trial court may rely on its personal recollection. Id. If the trial court
elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is
indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make findings regarding Applicant's claim
of ineffective assistance of appellate counsel and any other findings of fact that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 60 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
90 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: November 2, 2011

Do not publish